Jambs B. Kane, J.
On February 1, 1973, this court granted a 20-day preclusion order in this matter.
On April 18, 1973, the attorney for the petitioner advised the court that he was not served with a notice of motion prior to the granting of said order.
Section 165 of the Family Court Act states: 1 ‘ Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed * * * the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.”
Subdivision (c) of CPLB. 3042 specified: “ In the event that a party fails to furnish a bill of particulars * * * the court, upon notice, may preclude him from giving evidence at the trial of the items of which particulars have not been delivered. ’ ’ (Emphasis supplied).
The court, after reviewing this proceeding to date, and after due deliberation, being of the opinion that the above-cited section of the CPLB is appropriate to this proceeding, and that strict compliance therewith is a prerequisite to • obtaining an order of preclusion.
Now, and upon its own motion, vacates its prior order of preclusion, supra. (Cf. Golowaty v. Machnick Constr. Co., 26 A D 2d 718 [1966].)